UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON<br><br>        Plaintiff,<br>v.<br><br>D. GARREN, I.D. NO. 5945<br><br>        Defendant. | Case No. 11CV2592- LAB (BLM)<br><br>**ORDER (1) DENYING DEFENDANT'S *EX PARTE* MOTION FOR DISCOVERY SANCTIONS INCLUDING ISSUE PRECLUSION AND DISMISSAL OF ACTION FOR PLAINTIFF'S FAILURE TO ATTEND DEPOSITION, (2) SETTING DATE CERTAIN FOR PLAINTIFF'S DEPOSITION, (3) RESETTING DATES, AND (4) DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>**[ECF Nos. 13, 17]** |

Currently before the Court is Defendant's January 2, 2013 Motion for Discovery Sanctions Including Issue Preclusion and Dismissal of Action for Plaintiff's Failure to Attend Deposition [ECF No. 13 (Def.'s Mot.")] and Plaintiff's Motion to Strike Defendant's *Ex Parte* Motion for Discovery Sanctions, Including Issue Preclusion and Dismissal of Action for Plaintiff's Failure to Attend Deposition 2013, which the Court is interpreting as an opposition to Defendant's motion. ECF No. 17 ("Oppo.").

For the reasons set forth below, the Court **RECOMMENDS** that both Plaintiff and Defendant's motions be **DENIED**.

**BACKGROUND**

On November 7, 2011, Plaintiff David Johnson, currently detained at George Bailey

Detention Facility in San Diego, California, and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff claims a San Diego Police Officer used excessive force during his arrest in April 2011. Id. Defendant answered the complaint through his counsel, Mr. John Riley, on June 5, 2012. ECF No. 7. On June 6, 2012, the Court issued an order finding an Early Neutral Evaluation inappropriate and setting various discovery and pretrial deadlines. ECF No. 8. In the order, the Court warned the parties that "failure to comply with [any] discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37." Id. at 2. In accordance with the order, the Court convened a Mandatory Settlement Conference ("MSC") on October 19, 2012 at 1:30 p.m. ECF No. 9. Mr. Riley appeared in person at the MSC with the appropriate representatives from the City of San Diego and Officer Garren and Plaintiff appeared telephonically. At the beginning of the MSC, Plaintiff informed the Court that he was unaware of the MSC and that although no counsel had entered an appearance on the docket, he was represented by counsel, Mr. Raymond Pacello. The Court attempted to call Mr. Pacello during the conference, but he did not answer and the Court left a message asking Mr. Pacello to return its call. The Court then informed Plaintiff that he needed to contact Mr. Pacello and verify that he was representing Plaintiff in this matter. Because Plaintiff claimed to be represented, the Court ended the MSC. After the MSC, the Court issued an Order setting an additional MSC for January 28, 2013. ECF No. 10. Mr. Pacello did not return the Court's call and did not enter an appearance on behalf of Plaintiff.

On December 11, 2012, Mr. Riley filed an *ex parte* motion to schedule the deposition of Plaintiff or, in the alternative, to extend the fact discovery cut-off date. ECF No. 11. In support, Mr. Riley stated that after the October 19, 2012 MSC, he left a message for Mr. Pacello asking about his representation of Plaintiff and Mr. Pacello did not respond. Id. at 2. Mr. Riley noticed the deposition of Plaintiff for December 5, 2012 and appeared at the detention facility to depose Plaintiff with City Investigator Maggio, a court reporter, and a videographer. Id. Plaintiff appeared and refused to be deposed since he claimed to have legal representation. The City Investigator called Mr. Pacello from the detention facility on December 5, 2012. Id. Mr. Riley stated that Mr. Pacello informed him that he was representing Plaintiff and that he had been too

busy to call the City before the noticed deposition. Id. Despite several requests from Mr. Riley to Mr. Pacello after the attempted deposition asking Mr. Pacello to file a substitution of counsel and provide a day for Plaintiff's deposition, Mr. Pacello did not respond other than to say that he was in trial and very busy. Id. In light of the lack of response from Mr. Pacello and the failed deposition attempt, Mr. Riley requested that the Court set a date certain for Plaintiff's deposition. Id.

The Court granted Defendant's request and ordered that Plaintiff's deposition be taken on December 19, 2012. ECF No. 12 at 2. In addition, the Court ordered Mr. Pacello to either enter an appearance or inform Plaintiff, the Court, and Mr. Riley if he was not going to be representing Plaintiff. Id. at 2-3. Mr. Riley did neither. Finally, the Court warned Plaintiff that "[b]ecause Mr. Pacello ha[d] not officially appeared on behalf of Plaintiff despite having plenty of time and notice to do so, and because this case has been pending for more than one year, the case must proceed forward with Plaintiff representing himself." Id. at 2, n. 1. Defendant appeared for the December 19, 2012 deposition and Plaintiff refused to participate without his counsel, Mr. Pacello. Def.'s Mot. at 3.

On January 2, 2013, Defendant filed the instant *ex parte* motion for discovery sanctions including issue preclusion and dismissal of action for Plaintiff's failure to attend deposition. Def.'s Mot. In support, Defendant provides a brief history of the case and states that "Plaintiff's failure to submit to deposition on two occasions warrants a sanction whereby Plaintiff is precluded from offering evidence contrary to [Defendant's] defense of reasonable use of force. Similarly, a sanction is warranted whereby Plaintiff's complaint is stricken and this lawsuit dismissed." Def.'s Mot. at 4.

On January 25, 2013, Plaintiff filed an opposition to Defendant's motion. Oppo. In support, Plaintiff states that he "was mislead by . . . Raymundo Pacello, that he had entered an appearance in this case and was representing the Plaintiff." Id. at 3-4. Plaintiff further states that he would have complied with the orders of this Court "had [he] known [he] was not represented by Mr. Pacello in this case" and that he would have allowed "the Deputy City Attorney to take my deposition." Id. at 5. Plaintiff requests that the Court strike Defendant's

motion and set a date certain for his deposition and a MSC. Id. at 4.

## LEGAL STANDARD

The Federal Rules of Civil Procedure state that a court may impose sanctions if "a party […] fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(I). Under Rule 37, a failure by a party to appear at their deposition will result in sanctions unless the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Furthermore, in the Case Management Conference Order [ECF No. 8], the Court warned the parties that failure to comply with a "discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37[.]" ECF No. 8 at 2. Possible Rule 37 sanctions range from "prohibiting the disobedient party from supporting or opposing designated claims or defenses" to payment of expenses and attorney's fees to dismissal of the action in whole. Fed. R. Civ. P. 37(b)(2)(A).

## DISCUSSION

In light of the confusion surrounding Plaintiff's representation and Plaintiff's assurances that he will participate in the deposition and a MSC, the Court finds that the imposition of sanctions against Plaintiff would be unjust and declines to impose sanctions at this time.[1] Accordingly, Defendant's motion is **DENIED**.[2] However, given the delay due to the missed depositions and Mr. Pacello's misrepresentations, the Court finds it appropriate to set a date for Plaintiff's deposition and for a MSC and to reset the remaining deadlines set in the Court's June 6, 2012 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 8].

The Court **ORDERS** that

1. Plaintiff's deposition will take place on **February 22, 2013** at **8:30 a.m.** in the

---

[1] While the Court is appalled by Mr. Pacello's alleged conduct, the Court is unable to sanction him since he has never appeared in this case.

[2] Plaintiff does not provide a basis for striking Defendant's motion which was properly filed. Therefore, Plaintiff's motion is also **DENIED**.

George Bailey County Jail.[3]

2. A Mandatory Settlement Conference shall be conducted on **March 20, 2013** at **2:30 p.m.** in the chambers of Magistrate Judge Barbara L. Major located at **333 West Broadway, Suite 1110, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for good cause shall be made <u>in writing</u> at least three (3) court days prior to the conference.** Failure to appear **in person** at the Mandatory Settlement Conference will be grounds for sanctions.

    b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[4] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation

---

[3] If defense counsel needs to move this date, he may do so by filing an *ex parte* motion.

[4] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

        c.    **Confidential Settlement Statements Required**:  No later than **March 13, 2013**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address efile_major@casd.uscourts.gov) confidential settlement statements no more than five (5) pages in length. **These confidential statements shall not be filed or served on opposing counsel.** Each party's confidential statement must include the following:

        (I)    A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

        (ii)    A specific and current demand or offer for settlement addressing all relief or remedies sought. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

        (iii)  A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

    General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

        d.    **Requests to Continue a Mandatory Settlement Conference**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and

(3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent good cause, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than (7) days prior to the scheduled conference.**

<u>**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**</u>

If Plaintiff is incarcerated in a penal institution or other facility, Plaintiff's presence is not required at conferences before Magistrate Judge Major, and Plaintiff may appear by telephone. In that case, defense counsel is to coordinate Plaintiff's appearance by telephone.

3. All pretrial motions must be filed on or before **March 29, 2013**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Failure to timely request a motion date may result in the motion not being heard. <u>Motions will not be heard unless you have obtained a date from the judge's law clerk</u>.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

4. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

DATED: February 8, 2013

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge